IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN DUNIGAN,

    Plaintiff,                  No. CIV S-10-2294 GEB KJM P

    vs.

UNITED STATES, et al.,

    Defendants.            <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed October 12, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint limited to twenty pages. Plaintiff has now filed an amended complaint; the complaint itself is twenty pages long, but it is supported by sixty-six pages of exhibits and a seven page declaration and by a separately filed bundle of thirty-seven pages of exhibits.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

/////

1

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Given the court's prior order, it declines to comb through the exhibits and attachments plaintiff has filed; rather, the court restricts its review to the twenty page amended complaint. The court finds the allegations in the complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.

/////

1    As before, the complaint is a stream-of-consciousness account of a number of
2 alleged violations of plaintiff's rights.  First petitioner complains about a prosecution against
3 him in 2007, which may or may not have been dismissed; plaintiff notes that he was sent to
4 prison in 2008, but does not make clear why.  Second, plaintiff describes alleged errors in the
5 criminal proceedings that led to plaintiff's current conviction, including ineffective assistance of
6 trial counsel and prosecutorial and judicial misconduct.  Plaintiff also complains about alleged
7 acts and omissions of appellate counsel.  Mixed in with these claims are some allegations about
8 incidents in Sacramento County Jail when plaintiff was a pretrial detainee and a claim about the
9 dental care at Pelican Bay State Prison, which is not in this district, and at Calipatria State
10 Prison, which is not in this division.

11    To the extent plaintiff complains about the process leading to his earlier
12 conviction or his current conviction and the subsequent appeal, these claims are not cognizable.
13 In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled a § 1983 action that would
14 necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless
15 the plaintiff can show his conviction has been reversed.  <u>Id</u>. at 486-87.  Plaintiff has not made it
16 clear that these convictions have been reversed.

17    To the extent plaintiff alleges he was not given proper dental care at Pelican Bay
18 State Prison, this court is not the proper venue because Pelican Bay is in the Northern District of
19 California.  His claims of improper dental care at Calipatria State Prison are properly filed in the
20 Fresno Division of this court.

21    Plaintiff will be given one more opportunity to amend his complaint in this
22 division of the Eastern District of California.  He should not include any claims arising from or
23 relating to convictions that have not been reversed, or any claims relating to dental care at
24 Pelican Bay State Prison or Calipatria State Prison.  The second amended complaint must be
25 **limited to ten pages, including exhibits**.  Plaintiff is warned that filing documents and other
26 /////

exhibits separate from the complaint is not permitted; should he continue to do so, the court will consider sanctions, including dismissal.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint" and must be **limited to ten pages, including exhibits**; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2
duni2294.14amd